**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Shanks　　　　　　}
　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　}　　Docket No. 15-1-04 Vtec
　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　}

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellant-Applicant Douglas W. Shanks appealed from the decision of the Zoning Board of Adjustment (ZBA) of the Town of Halifax, denying his application for as-built approval of a structure within the stream setback, based on an exemption from that setback requirement found in § 241.3(b) of the Zoning Bylaws. Appellant-Applicant is represented by Kerry A. McDonald-Cady, Esq.; the Town is represented by David S. Brown, Esq. Both parties have moved for summary judgment on the question of whether the structure qualifies for the § 241.3(b) exemption.

The following facts are undisputed unless otherwise noted. Appellant-Applicant owns residential property fronting on Route 112; the North River runs through the property. The North River falls within the definition of "watercourse" in the Zoning Bylaws as " [a]ny natural or artificial stream, river or waterway in which water flows continuously in a definite direction or course, and has a definite channel, bed or banks."

Section 241.3(b) states with respect to structures that:

The minimum setback requirement for structures . . . from all watercourses and water bodies shall be 75 feet. Setbacks are measured from the top or the bank of the shoreline. Docks, boathouses, hydrological installations, and similar waterfront structures are exempt from this setback requirement.

This language does not distinguish between setbacks from watercourses at the boundaries of properties, and setbacks from watercourses, such as this one, running through a property.

From the measurements given in the application it appears that the house is located not more than 61 feet from the river, and therefore appears to be nonconforming with respect to the river setback. The parties did not provide the complete Zoning Bylaws from which the Court could determine what other frontage requirements pertain to the house, and did not provide the dates necessary to determine whether the house is a preexisting nonconforming structure with respect to the river setback, or what the regulations provide with respect to the construction of accessory structures or expansion of nonconforming structures[1] within the setback. The parties did not provide any information regarding whether a variance was required originally for the construction of the house, if it was not preexisting. Appellant voluntarily withdrew his appeal

from the Town's denial of a variance for the structure at issue in the present case; that appeal was Docket No. 151-9-03 Vtec.

In 2000, Appellant-Applicant constructed a detached wood structure between the house and the river. The structure is located 26 feet at its closest point diagonally to the corner of the house. The structure consists of three flat wood platform segments, wrapping around two sides of a large rock and tree near the bank of the river, plus a flight of steps leading down to a rock path to the water's edge. The platform segment closest to the house is approximately 18 feet wide and 13 feet deep, and connected by three shallow steps running the length of the platform to a lower elevation platform an additional six feet wide, which in turn extends nine feet beyond the side edge of the upper two platforms to connect with the flight of stairs. The upper edge of the structure is built a few inches above the surface of the ground; at the downhill (river) side it is approximately 5½ feet above the surface of the ground. The platform is furnished with built-in benches, and with post and rope railings on its downhill (river) side. The structure is located four feet from the riverbank at its closest corner. It does not extend into or over the river. Appellant-Applicant and his family use the structure during the summer months to sit and enjoy the view of the river; they also use it to hold towels and other water recreation equipment while they swim or boat in the river, and to tie a dinghy to it while the dinghy floats in the river.

The structure is not a dock, boathouse or hydrological installation; the question before the Court is whether it qualifies as a 'similar waterfront structure." The essential characteristic of the listed exempt structures is that they all must have direct physical access to the water of the watercourse or water body to function as designed. That is, they are not simply viewing platforms or outdoor living spaces. Rather, they must be located on or over the water surface to allow entry of people or equipment into the water or into boats floating on the water. By definition, it would not be physically possible for such structures to be located 75 feet away from the water. Thus, to qualify for the exemption, an " other similar'structure must share this characteristic. An outdoor platform, whether connected to a house or installed as a separate accessory structure, and whether or not given the label of "deck," does not have this characteristic.

Appellant-Applicant's structure is an outdoor platform or living space. It does not fall within the exempt category of structures that necessarily must be located within the watercourse setback. The fact that a small boat can be tied to the structure does not transform the structure into a dock, any more than it would transform the house into a dock by the use of a longer rope. The test is the primary function of the structure, not its incidental use.

Although summary judgment must be granted to the Town on the issue before the Court, it is entirely possible that if Appellant-Applicant's house itself falls within the watercourse setback, and is either a preexisting nonconforming structure or holds a variance from the watercourse setback, that the property may qualify for some type of approval of a detached deck as an accessory structure or for approval of an attached deck or system of walkways or garden structures as an expansion to the preexisting house, depending on the provisions for expansions of nonconforming structures in the Zoning Bylaws. In addition, of course, Appellant-Applicant may wish to seek an amendment to the Town's zoning ordinance to add different provisions or exemptions for landowners when a stream runs through a landowner's property rather than

forming the boundary of it, or for structures that do not have water supply and waste disposal issues.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED and Appellant-Applicant's Motion for Summary Judgment is DENIED, concluding this appeal. However, we note that this decision is without prejudice to any application Appellant-Applicant may wish to make for amendment of an existing variance, or for expansion of a preexisting nonconforming use. Any future appeal of such a later ruling would be a new appeal with a new docket number; any request for waiver of the filing fee for such new appeal should make reference to the docket number in the present case.

Done at Barre, Vermont, this 27th day of September, 2004.

_____

Merideth Wright

Environmental Judge

---

**Footnote**

[1]    Zoning ordinances commonly provide more flexibility for expansion of existing nonconforming structures than they do for construction of new nonconforming structures.